## MARY A. BRADY *vs.* THE CITY OF LOWELL.

The only remedy to which a party injured in consequence of a defect in a public highway is entitled, against the town or city bound to keep the same in repair, is the remedy provided by statute; and, under the Rev. Sts. c. 25, § 22, where the defect has not existed for twenty-four hours, the party injured thereby is not entitled to damages.

THIS was an action on the case to recover damages for an injury sustained by the plaintiff by reason of an alleged defect in a street in Lowell.

At the trial before *Metcalf*, J., it was in evidence, that Central street, where the injury happened, was a public highway in Lowell, leading over the Pawtucket canal, of which the proprietors of the locks and canals on Merrimack River were the owners, and which they were bound by their charter to keep in repair; that in October, 1846, the sidewalk on the west side of the bridge being out of repair, the defendants called upon the proprietors to repair the same, which they proceeded to do by removing the planks; that they were about to make the sidewalk of the same height as before.

by which it would have terminated at the south end thereof on the same level with the brick sidewalk of the street, as it had previously done, when, upon the third day from the commencement of the work, a member of the committee of the city council of Lowell on repairs of streets objected to the grade, and, by consent of the agent of the proprietors and of the other members of the committee, directed the men employed in the repair of the bridge to raise the bridge sidewalk about eight inches higher than it was before, for the purpose and with the intention of causing the street sidewalk to be raised to the same grade ; that, soon after, but on another day, the street sidewalk was raised by the city authorities to the same height with the new grade of the bridge sidewalk ; that one of the workmen observed to the member of the committee by whom the alteration was directed, that raising the bridge sidewalk as proposed would make a bad place in the sidewalk ; to which the latter replied, he would see to that ; that the order for the alteration was given about two o'clock in the afternoon ; that the workmen finished their work about five o'clock of the same afternoon, and left the plank sidewalk of the bridge at a grade, at the south end thereof, about eight inches above that of the brick sidewalk of the other part of the street ; that several of the bricks had been displaced at the end of the brick sidewalk, making the place uneven ; that during the progress of the work on the bridge, the men employed there kept up barriers and other guards, so that the public travel was not endangered ; and when the work was finished, they removed the barriers and guards, and went away without notifying the defendants.

It was alleged that Central street was defective, and unsafe for travellers, in consequence of this break or step in the sidewalk, of about eight inches in height, from the bridge to the street, and of the uneven condition of the bricks on the street sidewalk.

It was also in evidence, that, about eight o'clock in the evening of the same day when the work on the bridge was finished, the plaintiff · was walking along the sidewalk on

Central street, approaching the bridge from the south, and fell at the step or break in the sidewalk, and received the injury for which this action was brought; that there was no barrier or light at the place, but the light from a shop situate just at that point rendered the walk plainly visible; and that shops were also situated the whole length of the street, throwing light in the same manner on the sidewalk.

It was admitted, that Central street, where the accident happened, was one of the most public and frequented streets in the city, and that the city marshal of Lowell saw the men employed at work on the place in question, just previously to their finishing the wooden sidewalk.

The defendants objected, that the plaintiff was not entitled to recover, because the defect, which was the alleged cause of the injury, had not then been in existence twenty-four hours.

The judge overruled the objection, and instructed the jury, that if they should be satisfied, that the street was defective, as alleged, in consequence of the state of the sidewalk, and that the defendants, through their officers, or otherwise, had sufficient notice of the defect, to enable them to remove it, or to protect travellers against it by the erection of barriers and guards, the plaintiff would be entitled to recover, notwithstanding the defect had not then existed for twenty-four hours.

The jury were also instructed, if they should find for the plaintiff, to assess single damages only; the parties having agreed, that the verdict, if for the plaintiff, should be amended by doubling the damages, if the whole court should be of opinion, that double damages were recoverable. The jury found for the plaintiff, and assessed her damages at one hundred and fifty dollars.

The verdict is to stand, or be amended by doubling the damages, or to be set aside and a new trial granted, or the plaintiff is to become nonsuit, as the court shall order.

*T. Hopkinson* and *S. Ames,* for the defendants.

*J. G. Abbott,* for the plaintiff.

SHAW, C. J.   In this case, which is an action against the defendants for damages sustained by the plaintiff, in consequence of an alleged defect in one of the public streets of Lowell, the evidence shows that the supposed defect had existed for three or four hours only, when the accident occurred. This draws in question the construction of the Rev. Sts. c. 25, § 22, which provides, that any person, who shall receive any injury by reason of any defect in a highway, which has existed for the space of twenty-four hours, may recover, &c. ; and that, if the town had reasonable notice of such defect, the person injured may recover double the damages sustained.

The court are of opinion, that, upon this statute, the defendants are not liable, either for single or double damages, the defect not having previously existed for twenty-four hours.   The previous existence of such defect, for the length of time specified in the statute, is thereby made essential, in order to entitle a party suffering damage to the remedy provided by the statute.   There is no remedy, in such case, at the common law ; but one is created and given wholly by statute, and can only be modified by the legislature.   It was probably in reference to the constitution of towns and cities, which are aggregate corporations, and as such must act by their officers and agents, who need some time to ascertain and make repairs, after the defect occurs, that the provision in question was made.   The requisite of twenty-four hours' previous existence of a defect is the more significant, because it was not contained in the statute of 1786, c. 81, nor inserted in the report of the commissioners for revising the statutes, but was added afterwards, by way of amendment, by the legislature.

It was ingeniously argued for the plaintiff, that, by the latter clause of the section, towns are liable for double damages, if they have had reasonable notice ; and that this liability is not limited to cases where the defect has existed for twenty-four hours.   It is true, the liability is not so limited in terms. but it is so by necessary implication.   The word

" such " is affixed to *highway;* when, perhaps, the intent of the legislature would have been expressed more precisely, if the word " such " had qualified *defect,* so as to read " any such defect." But we think the meaning is obvious. The latter clause intended to give damages in every case, if the defect had existed twenty-four hours, without other proof of notice ; and to give a penalty in addition, if the town had actual and seasonable notice. We think it was the intention of the legislature, in both cases, to make towns liable only in case the defect had existed for twenty-four hours, and then for double or single damages, as they had or had not reasonable notice of the defect.

It being conceded, that the accident, of which the plaintiff complains, occurred when the defect had existed for three or four hours only, she is not entitled to recover against the city in this action.*         *Plaintiff nonsuit*

---

* Since this decision was made, the law has been altered in both particulars, first, in not requiring that the defect shall have existed twenty-four hours; and, second, in not giving double damages in any case.